STATE OF NORTH CAROLINA v. BRICE MILLS, JR., AKA BRICE JUNIOR
MILLS

No. 8629SC1280

(Filed 21 July 1987)

**Criminal Law § 143.12— revocation of probation—original sentence activated—no
error**

> Where defendant violated a condition of his probation and a superior
> court judge continued defendant on probation and did not activate any of the
> prison sentences earlier imposed by another superior court judge, the second
> judge's order undertaking to consolidate and reduce defendant's sentences was
> unauthorized and without effect so that a third superior court judge, who
> found that defendant had violated the terms of his probation, had authority to
> revoke the probation and activate the original sentences without reducing
> them. N.C.G.S. § 15A-1344(d).

APPEAL by defendant from *Snepp, Judge.* Judgments entered
24 July 1986 in Superior Court, RUTHERFORD County. Heard in
the Court of Appeals 1 June 1987.

Defendant appeals from the revocation of his parole and the
activation of his original sentences. The events pertinent hereto
follow: On 2 May 1983, after pleading guilty to one count of fe-
lonious forgery, one count of felonious uttering, four counts of
feloniously obtaining property by false pretense, and one count of
misdemeanor bad checks, defendant was sentenced by Judge Bur-
roughs to three consecutive two year sentences and one two year
sentence that was not designated as either consecutive or concur-
rent; but the prison sentences were suspended for five years and
defendant was placed on probation for five years with the condi-
tion that he report to his probation officer within 72 hours of his
release. Instead of complying with the order defendant first re-
ported to his probation officer 22 days after his release and then
only after the probation officer had conducted a search for him.
On 4 March 1985 a hearing was eventually held on the probation
violation report, after which Judge Gudger found that defendant
had wilfully and without lawful cause violated the terms and con-
ditions of his probation, entered an order that continued defend-
ant on probation, but modified the conditions of probation by
consolidating the sentences for judgment and reducing both the
sentence terms and the period of probation to three years. On 25
June 1985 defendant was again charged with violating his condi-

tions of probation. Following a hearing thereon and a finding that defendant had wilfully violated his probation Judge Snepp entered an order revoking his probation and activating the sentences originally imposed by Judge Burroughs.

*Attorney General Thornburg, by Associate Attorney General Donald W. Laton, for the State.*

*Jarald N. Willis for defendant appellant.*

PHILLIPS, Judge.

Defendant's only assignment of error concerns the activation of his original sentences. He argues that only the sentences as modified by Judge Gudger could be activated. The invocation was authorized by law and we overrule the assignment. The applicable statute is G.S. 15A-1344(d), which provides:

> . . . If a convicted defendant violates a condition of probation at any time prior to the expiration or termination of the period of probation, the court . . . may continue him on probation, with or without modifying the conditions . . . or, if continuation, modification, or special probation is not appropriate, may revoke the probation and activate the suspended sentence imposed at the time of initial sentencing . . . The court, before activating a sentence to imprisonment established when the defendant was placed on probation, may reduce the sentence.

This statute, as we read it, authorizes the court to reduce a prison sentence previously imposed only when the prison sentence is activated and the probation is revoked. Since Judge Gudger continued defendant on probation and did not activate any of the prison sentences earlier imposed by Judge Burroughs, his order undertaking to consolidate and reduce defendant's sentences was unauthorized and without effect. Thus, upon it being shown that defendant had violated the terms of his probation, Judge Snepp had the authority under this statute to revoke the probation and activate the original sentences without reducing them. Contrary to defendant's argument, Judge Snepp did not improperly overrule another Superior Court judge; he merely exercised the authority that the statute gave him.

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.