STATE OF NORTH CAROLINA v. FRANK LEWIS PARTRIDGE

No. 9210SC862

(Filed 6 July 1993)

**Criminal Law § 1524 (NCI4th)— probation revocation—discretion to order concurrent rather than consecutive terms**

Defendant is entitled to a new probation revocation hearing where the trial judge at the probation revocation hearing erroneously believed that he had no discretion to reduce defendant's sentence by ordering that his two five-year terms run concurrently rather than consecutively as originally ordered. N.C.G.S. § 15A-1344(d).

**Am Jur 2d, Criminal Law § 578.**

Appeal by defendant from judgment entered 30 April 1992 in Wake County Superior Court by Judge George R. Greene. Heard in the Court of Appeals 16 June 1993.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Lorinzo L. Joyner, for the State.*

*Bailey & Dixon, by Steven M. Fisher, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from a judgment entered 30 April 1992, revoking defendant's probation, activating defendant's suspended sentence, and sentencing defendant to a term of ten years.

On 10 December 1991, judgment was entered suspending defendant's sentence of two five-year consecutive terms based on pleas of guilty to five counts of forgery and five counts of uttering. Defendant was placed on supervised probation. On 31 March 1992,

STATE v. PARTRIDGE

[110 N.C. App. 786 (1993)]

defendant's probation officer filed violation reports charging that defendant had violated the terms of his probation by being convicted of larceny of an automobile on 30 March 1992. A hearing on the officer's report was held pursuant to N.C.G.S. § 15A-1345(e) on 30 April 1992 in Wake County Superior Court, the Honorable George R. Greene presiding, at which defendant admitted the probation violation. The following exchange then occurred:

COURT: Do you wish to be heard?

[DEFENDANT'S ATTORNEY]: Yes, sir. I do.

COURT: I already know what I am going to do despite anything you say.

[DEFENDANT'S ATTORNEY]: Well, despite that, I—

COURT: I am going to revoke him but I will order that his sentence on revocation run concurrent with what he is now doing.

[DEFENDANT'S ATTORNEY]: Okay, Your Honor. I would ask for a modification. He got five years on the forgery and five years on the uttering. They run—

COURT: I can't run those concurrent. I can't touch that. Only the Court of Appeals or North Carolina Supreme Court can change that.

Judge Greene then revoked defendant's probation and activated his original sentence of two consecutive five-year terms. Defendant appeals.

---

The issue presented is whether the trial court's determination that it had no authority to reduce defendant's suspended sentence prior to activating it by imposing concurrent rather than consecutive terms entitles defendant to a new revocation of probation hearing.

If a convicted defendant, without lawful excuse, violates a valid condition of probation prior to the expiration of the probation period, the trial court may revoke the probation and activate the suspended sentence imposed at the time of initial sentencing. N.C.G.S. § 15A-1344(d) (1988); *State v. Tozzi*, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). Prior to activating the original sentence, the court may reduce the sentence. N.C.G.S. § 15A-1344(d); *State v. Mills*, 86 N.C. App. 479, 480, 358 S.E.2d 86, 87 (1987).

In the instant case, pursuant to Section 15A-1344(d), Judge Greene had the discretion to reduce defendant's suspended sentence prior to activating it, which would include ordering that defendant's two five-year sentences run concurrently rather than consecutively. It is apparent from a reading of the transcript, however, that Judge Greene felt that he did not have the authority to do so. Therefore, defendant is entitled to a new revocation of probation hearing. *Cf. Lemons v. Old Hickory Council, Boy Scouts of America, Inc.*, 322 N.C. 271, 277, 367 S.E.2d 655, 658 (1988) ("[w]hen a trial court has failed to exercise its discretion regarding a discretionary matter and has ruled on it under the mistaken impression it is required to rule a particular way as a matter of law, its holding must be reversed and the matter remanded for the trial court to exercise its discretion").

Reversed and remanded.

Judges EAGLES and LEWIS concur.