STATE OF NORTH CAROLINA v. DENISE HERMAN CLOER, Defendant

No. COA09-44

(Filed 7 July 2009)

**Appeal and Error— appealability—pretrial confinement— credit for time served**

Although defendant contends the superior court erred in a forgery and uttering forged instruments case by failing to give defendant credit for the 56 days that she spent in pretrial confinement from 27 July 2008 through 17 September 2008 against the amount of time that she would have to serve as a result of the entry of judgment revoking her probation and activating her suspended sentences in File No. 07 CrS 50636, defendant's appeal is dismissed without prejudice to file a motion for an award of additional credit in the superior court under N.C.G.S. § 15-196.4 because: (1) the proper procedure to be followed by a defendant seeking to obtain credit for time served in pretrial confinement in addition to that awarded at the time of sentencing or the revocation of defendant's probation is for defendant to initially present his or her claim for additional credit to the trial court, with alleged errors in the trial court's determination subject to review in the appellate division following the trial court's decision by either direct appeal or *certiorari*; and (2) it did not appear from the record that defendant ever presented her claim for additional credit for time served in pretrial confinement to the trial court.

Appeal by defendant from judgments entered 17 September 2008 by Judge Beverly T. Beal in Caldwell County Superior Court. Heard in the Court of Appeals 10 June 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Mary S. Mercer, for the State.*

*Kevin P. Bradley, for Defendant-Appellant.*

ERVIN, Judge.

On 15 January 2007, the Caldwell County grand jury returned bills of indictment charging the defendant, Denise Herman Cloer (Defendant), with two counts of forgery and uttering forged instruments in File Nos. 07 CrS 50636 and 50637. On 16 January 2008, Defendant entered guilty pleas to two counts of uttering forged instruments in

File Nos. 07 CrS 50636 and 50637 and was sentenced to two consecutive six to eight month terms of imprisonment in the custody of the North Carolina Department of Correction. The active sentences imposed upon Defendant in these cases were suspended, and Defendant was placed on supervised probation for 40 months. At the time that sentence was imposed in these cases, Defendant was given credit for 11 days of time served in pretrial confinement in File No. 07 CrS 50636 and zero days credit for time served in pretrial confinement in File No. 07 CrS 50637.

On 12 May 2008, notices charging Defendant with violating the terms and conditions of her probation in File Nos. 07 CrS 50636-50637 by testing positive for the presence of cocaine and marijuana, failing to perform the required amount of community service, being absent from her residence without lawful excuse, and failing to make certain monetary payments were executed by Intensive Supervision Officer J.J. Amelia. On the same date, orders for Defendant's arrest for violating the terms and conditions of her probation were issued as well. Defendant was arrested pursuant to these orders for arrest on 22 May 2008 and was released from custody after posting bond on 24 May 2008.

On 2 June 2008, the Caldwell County grand jury returned a bill of indictment in File No. 08 CrS 1863 charging Defendant with breaking or entering a motor vehicle, misdemeanor larceny, and misdemeanor possession of stolen goods. A warrant for Defendant's arrest in File No. 08 CrS 1863 was issued on the same date. A magistrate set bail in File No. 08 CrS 1863 on 19 June 2008, and Defendant posted bond and was released from custody on the same date.

On 26 June 2008, an order for Defendant's arrest for failure to appear were issued in File No. 07 CrS 50636. On 14 July 2008, an order for Defendant's arrest for failure to appear was issued in File No. 08 CrS 1863. On 24 July 2008, Defendant was surrendered to the custody of the Caldwell County Jail by her surety as evidenced by notices of surrender filed in File Nos. 07 CrS 50636 and 08 Crs 1863.

On 17 September 2008, Defendant admitted to having willfully violated the terms and conditions of the probationary judgments entered against her in File Nos. 07 CrS 50636 and 50637. Based on Defendant's admission, the trial court revoked Defendant's probation and activated the two consecutive six to eight month sentences that had originally been imposed.

On the same date, Defendant entered pleas of guilty to breaking or entering a motor vehicle, misdemeanor larceny, and misdemeanor possession of stolen goods in File No. 08 CrS 1863. In light of Defendant's guilty pleas, the trial court consolidated all three counts for sentencing and sentenced Defendant to a minimum of six months and a maximum of eight months imprisonment in the custody of the North Carolina Department of Correction. The trial court suspended the active sentence imposed upon Defendant in File No. 08 CrS 1863 and placed her on intensive probation for a period of 36 months. After consulting with her trial counsel, Defendant rejected her probationary sentence and requested that her suspended sentence be activated. As a result, the trial court ordered that Defendant be imprisoned for a minimum term of six months and a maximum term of eight months in File No. 08 CrS 1863. Since the trial court did not order that the sentences imposed in File Nos. 07 CrS 50636 and 50637 on the one hand and File No. 08 CrS 1863 on the other be served consecutively, the six to eight month sentence imposed in File No. 08 CrS 1863 would be served concurrently with the two consecutive six to eight month sentences imposed upon Defendant in File Nos. 07 CrS 50636 and 50637. N.C. Gen. Stat. § 15A-1340.15(a) ("Unless otherwise specified by the court, all sentences of imprisonment run concurrently with any other sentences of imprisonment").

At the time of sentencing, the trial court gave Defendant credit for 14 days spent in pretrial confinement in File No. 07 CrS 50636 and for 57 days spent in pretrial confinement in File No. 08 CrS 1863. The record does not reflect that Defendant lodged any objection to the amount of credit for time served in pretrial confinement awarded by the trial court on 17 September 2008. On 22 September 2008, Defendant noted an appeal from the trial court's judgments to this Court.

On appeal, Defendant argues the superior court erred by failing to give her credit for the 56 days that she spent in pretrial confinement from 27 July 2008 (when Defendant's surety surrendered her to the custody of the Caldwell County Jail in both File Nos. 07 CrS 50636 and 50637 and in File No. 08 CrS 1863) through 17 September 2008 (the date upon which sentence was imposed in all three cases) against the amount of time that she would have to serve as a result of the entry of the judgment revoking her probation and activating her suspended sentences in File No. 07 CrS 50636. According to Defendant, N.C. Gen. Stat. § 15-196.2 requires that each concurrent sentence be credited with the amount of time spent in pretrial con-

finement during that period because the Defendant's confinement during that interval resulted from actions taken in both File Nos. 07 CrS 50636 and 50637 and File No. 08 CrS 1863.

The first issue that must be addressed is whether this Court has the authority to hear Defendant's appeal at this time at all. "In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." *State v. Pimental*, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002), *disc. rev. denied*, 356 N.C. 442, 573 S.E.2d 163 (2002). Generally speaking, all defendants have an appeal as of right from final judgments imposed in criminal cases pursuant to N.C. Gen. Stat. § 7A-27(b). In addition, N.C. Gen. Stat. § 15A-1347 provides that "[w]hen a superior court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, either in the first instance or upon a *de novo* hearing after appeal from a district court, the defendant may appeal under [N.C. Gen. Stat. §] 7A-27." Thus, there is no question but that, at least in the abstract, Defendant has a right to note an appeal from the judgments that the trial court entered on 17 September 2008 as a matter of right.

The State notes, however, that when a defendant has entered a plea of guilty, as Defendant did in File Nos. 07 CrS 56036 and 07 CrS 56037 on 16 January 2008 and in File No. 08 CrS 1863 on 17 September 2008, he or she may only raise certain issues on appeal as a matter of right. N.C. Gen. Stat. § 15A-1444; *see also State v. Carter*, 167 N.C. App. 582, 584, 605 S.E.2d 676, 678 (2004). Given Defendant's guilty pleas, the State contends that she may only raise the issues specified in N.C. Gen. Stat. § 15A-1444(a1) and (a2) on appeal to this Court from the trial court's judgments. Since the issue of whether proper credit for time served in pretrial confinement is not one of the enumerated issues set out in N.C. Gen. Stat. § 15A-1444(a1) and (a2), the State contends that Defendant is not entitled to challenge the trial court's determination of credit for time served on appeal to this Court. As a result, the State contends that Defendant's appeal should be dismissed.

In response, Defendant argues that an admission of a probation violation is not equivalent to a guilty plea and that she is not, therefore, limited to raising the issues that can be considered in connection with appeals as of right from judgments entered following guilty pleas specified in N.C. Gen. Stat. § 15A-1444(a1) and (a2). Instead, Defendant argues that, since N.C. Gen. Stat. § 15A-1347 governs appeals from probation revocation orders and since that statutory provision does not limit the issues that she is entitled to raise on

appeal, she is entitled to raise the issue of the propriety of the trial court's calculation of the amount of credit for time served in pretrial confinement to which she is entitled on direct appeal. Finally, Defendant contends that N.C. Gen. Stat. § 15A-1446(d)(18), which allows claims that "the sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law" to be advanced on appeal in the absence of a contemporaneous objection before the trial court, authorizes her to challenge the trial court's calculation of the amount of credit for time spent in pretrial confinement on direct appeal to which she is entitled on appeal. After careful consideration, we conclude that, on the facts present here, Defendant is not entitled to raise this credit for time served issue before this Court at this time and that her claim, which the record before us suggests may well be valid, should be addressed to the trial court in the first instance.

Although there are a number of reported decisions addressing the proper manner in which to calculate credit for time served in pretrial confinement, those decisions arise from varied procedural contexts. For example, in State v. Farris, 336 N.C. 552, 444 S.E.2d 182 (1994), and State v. Dudley, 319 N.C. 656, 356 S.E.2d 361 (1987), the Supreme Court addressed issues involving the amount of credit for time served in pretrial confinement to which the defendant was entitled on direct appeal from the imposition of judgment. On the other hand, in State. v. Lutz, 177 N.C. App. 140, 628 S.E.2d 34 (2006), and State v. Jarman, 140 N.C. App. 198, 535 S.E.2d 875 (2000), this Court addressed credit for time served issues on appeal or by way of certiorari from rulings on post-trial motions.[1] As a result, it appears that claims for an award of credit for time spent in pretrial confinement can, in appropriate circumstances, be advanced on both direct appeal and in proceedings stemming from the filing of post-judgment motions.

According to N.C. Gen. Stat. § 15-196.4:

Upon sentencing or activating a sentence, the judge presiding shall determine the credits to which the defendant is entitled and

1. Although our Lutz opinion implies at one point that the motion at issue there was a motion for appropriate relief, 177 N.C. App. at 142, 628 S.E.2d at 35, it is clear from the remainder of the opinion that the Court believed that defendant's motion was really lodged pursuant to N.C. Gen. Stat. § 15-196.1, et seq. Similarly, the proceedings at issue in Jarman appear to have been triggered by a "form" submitted by the defendant, 140 N.C. App. at 199, 535 S.E.2d at 877. However, in this Court's opinion, N.C. Gen. Stat. § 196.1 is treated as the relevant statutory provision.

shall cause the clerk to transmit to the custodian of the defendant a statement of allowable credits. Upon committing a defendant upon the conclusion of an appeal, or a parole, probation, or post-release supervision revocation, the committing authority shall determine any credits allowable on account of these proceedings and shall cause to be transmitted, as in all other cases, a statement of the allowable credit to the custodian of the defendant. *Upon reviewing a petition seeking credit not previously allowed, the court shall determine the credits due and forward an order setting forth the allowable credit to the custodian of the petitioner.*

(emphasis added). In construing N.C. Gen. Stat. § 15-196.4, the Supreme Court stated that, when a defendant contends he is "entitled to this credit under the provisions of [N.C. Gen. Stat. §] 15-196.1 through [15]-196.4 . . . [it is] a matter for administrative action, as provided by [N.C. Gen. Stat. §] 15-196.4, rather than a subject to be considered on . . . appeal." *State v. Mason*, 295 N.C. 584, 594, 248 S.E.2d 241, 248 (1978), *cert. denied*, 440 U.S. 984 (1979). A careful reading of *Dudley, Farris, Lutz,* and *Jarman* suggests that the issue of credit for time served was addressed on appeal in those cases only after it had been presented to the trial court, a result which is consistent with the refusal of the *Mason* court to address the issue of credit for time served present there on direct appeal. As a result, the relevant decisions of the Supreme Court and this Court tend to suggest that the proper procedure to be followed by a defendant seeking to obtain credit for time served in pretrial confinement in addition to that awarded at the time of sentencing or the revocation of the defendant's probation is for the defendant to initially present his or her claim for additional credit to the trial court, with alleged errors in the trial court's determination subject to review in the Appellate Division following the trial court's decision by either direct appeal or *certiorari*, as the case may be.[2] Such an approach makes sense given the reality that, in at least some instances, factual issues will need to be resolved before a proper determination of the amount of credit to which a particular defendant is entitled can be made, and such issues

2. In view of the possible inconsistency between *Lutz* and *Jarman* on the issue of the proper manner in which a defendant can obtain appellate review of a trial court's decision addressing issues raised in connection with a post-trial request for additional credit for time spent in pretrial confinement and the fact that the parties to this proceeding have, understandably enough, not addressed this issue in their briefs, we believe that it would be premature for us to attempt to definitively address the manner in which appellate review of such orders can be procured at this time.

are best addressed, as an initial matter, in the trial courts rather than in the Appellate Division.

In this instance, it does not appear from the record that Defendant ever presented her claim for additional credit for time served in pretrial confinement to the trial court. The information in the record tends to show that Defendant was confined from 27 July 2008 through 17 September 2008 in both the probation revocation proceedings and in the pending criminal case in which Defendant was charged with breaking or entering a motor vehicle, larceny, and possession of stolen goods, and that N.C. Gen. Stat. § 1-196.2 provides, in pertinent part, that "[i]n the event that time creditable under this section shall have been spent in custody as the result of more than one pending charge," "[e]ach concurrent sentence shall be credited with so much of the time as was spent in custody due to the offense resulting in the sentence," which suggests that Defendant is, in fact, entitled to the additional credit for time spent in pretrial confinement that she seeks. *See also Dudley*, 319 N.C. at 660, 356 S.E.2d at 364 (defendant given two concurrent life sentences "should have been credited on both life sentences with time spent in jail awaiting trial"). However, we cannot be confident that we have all the facts needed to make this determination because Defendant's claim for additional credit for time spent in pretrial confinement was never presented to or resolved by the trial court. As a result, we conclude that Defendant's request for additional credit for time served in pretrial confinement is not properly before us at this time and that Defendant's appeal should be dismissed without prejudice to her ability to file a motion for an award of additional credit in the superior court of Caldwell County pursuant to N.C. Gen. Stat. § 15-196.4. In the event that Defendant seeks relief from the superior court of Caldwell County pursuant to N.C. Gen. Stat. § 15-196.4, we urge the court to act upon Defendant's request expeditiously.

DISMISSED.

Judges McGEE and JACKSON concur.