STATE OF NORTH CAROLINA v. RODERICK DARNELLE MILLER

No. COA09-1193

(Filed 6 July 2010)

**1. Probation and Parole—activation of sentence—active term—consecutive days—no abuse of discretion**

The trial court did not abuse its discretion by sentencing defendant to a term of consecutive days in prison for violating his probation. The trial court was not under a mistaken impression of law as N.C.G.S. § 15A-1353(a) did not authorize the courts to impose an active sentence over multiple intervals of time.

**2. Appeal and Error— preservation of issues—sentencing—credit for time served**

Defendant did not preserve for appellate review his argument that the trial court erred by not giving him sixteen days of credit for time served as defendant had not yet raised the issue before the trial court.

Appeal by defendant from judgment entered 12 June 2009 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 25 February 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Tenisha S. Jacobs, for the State.*

*Robert W. Ewing for defendant.*

ELMORE, Judge.

On 5 May 2008, Roderick Darnelle Miller (defendant) was convicted of violating a domestic violence protective order and making a threatening phone call. The district court sentenced defendant to a term of thirty days in the custody of the Guilford County Sheriff and ordered defendant to pay $170.00 in court costs. However, the district court suspended the sentence and placed defendant on supervised probation for twelve months.

On 14 July 2008, a probation officer filed a violation report alleging that defendant had willfully violated conditions of his probation by testing positive for marijuana on four dates, by failing to report to his supervising officer as directed, and by being away from his residence during established curfew hours. On 17 July 2008, defendant

moved the court to activate his sentence. On 31 July 2008, the district court entered an order on violation of probation. The order modified defendant's special conditions of probation as follows: "Upon completion of active sentence, defendant's probation is to be terminated. Intensive sanction is lifted while offender is serving active sentence." The order modified defendant's sentence of intermediate punishment as follows: "comply with the additional conditions of intermediate punishment which are set forth on AOC-CR-603, Page Two, attached." Those additional conditions required defendant to serve an active term of thirty days in the custody of the Guilford County Sheriff, but only on the weekends. Defendant had to "report in a sober condition" to the Guilford County Prison Farm at 6:00 p.m. each Friday and remain in custody until 6:00 p.m. each Sunday. The order required defendant to serve out his sentence two days at a time for fifteen weeks.

On 25 November 2008, the probation officer filed another probation violation report. The officer alleged that defendant had violated the terms of his probation by again testing positive for marijuana six more times, and defendant had failed to pay the $170.00 court costs. The probation officer filed an addendum to the probation violation report on 27 February 2009. The addendum added two more days on which defendant tested positive for marijuana, in violation of the special conditions of his probation.

On 5 March 2009, the district court entered a judgment and commitment upon revocation of probation or election to serve sentence. The district court concluded that defendant had violated a valid condition of probation upon which the execution of the active sentence was suspended. Pursuant to structured sentencing, the district court revoked defendant's probation, activated his suspended sentence, and ordered that defendant be imprisoned for a term of thirty days in the Guilford County Prison Farm. The order ordered that defendant be given sixteen days' credit for time served. Defendant gave notice of appeal to the superior court.

Following a hearing, the superior court also concluded that defendant had violated the conditions of his probation and revoked his probation, activated his sentence, and ordered him to serve thirty days in the Guilford County Prison Farm. This judgment and commitment upon revocation of probation or election to serve sentence was also entered pursuant to structured sentencing. However, the superior court only gave defendant three days' credit for time served. Defendant now appeals.

**[1]** Defendant argues that the superior court abused its discretion by sentencing him to serve the remainder of his sentence on consecutive days. We review the revocation of probation for an abuse of discretion. *State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008).

At the hearing, defendant asked the court to serve the remainder of the time, "not on the weekends but from Monday 6 p.m. to Wednesday at 6 p.m." The court responded:

> I have never been able to convince myself that I have the authority to—I mean, I think—serves their sentence of they don't. And I'm open to you showing me where in the statutes it says that I can do what you want me to do, because nobody's ever been able to show it to me before but maybe you can.

Defense counsel replied:

> Well, I don't think there's any statute either. I think it's just the policy of the Sheriff's Department, sort of somewhat as we were speaking of yesterday, the—the—the rules of the jail and the county—the county facilities are—are run by the sheriff. And if they are willing to accept—accept someone to report, say, to the farm at a certain time and—and stay there for two days and leave at that same time two days later, that's, you know, that's permissible for the judge to—to order active time to be done in that manner. I mean, I—I don't think that there is a statute that says active time may be done by the weekend. I think that if a judge—my understanding, this happens all the time in district court[.]

After some discussion, the court announced:

> I'll revoke his probation, sentence him to 30 days in the custody of the sheriff, credit for time served. And it's not that—I don't have the authority to allow weekends. So, I'm not going to do it. So you can go with the sheriff.

Defendant now argues that the trial court did have the legal authority to allow defendant to serve his sentence on the weekends, contrary to the court's assertion otherwise. A trial court abuses its discretion when it "fail[s] to exercise its discretion regarding a discretionary matter and has ruled on it under the mistaken impression it is required to rule a particular way as a matter of law[.]" *State v. Partridge*, 110 N.C. App. 786, 788, 431 S.E.2d 550, 552 (1993) (quoting *Lemons v. Old Hickory Council*, 322 N.C. 271, 277, 367 S.E.2d 655,

658 (1988)). Defendant argues that the trial court was under the mistaken impression that, under the Structured Sentencing Act, it could not order defendant to serve the remaining fourteen days of his active sentence over the course of seven weekends. We disagree.

General Statute section 15A-1331(a) states that a criminal judgment entered in superior court "shall be consistent with the provisions of Article 81B of this Chapter and contain a sentence disposition consistent with that Article, unless the offense for which his guilt has been established is not covered by that Article." N.C. Gen. Stat. § 15A-1331(a) (2009). Article 81B is the Structured Sentencing Act. The Structured Sentencing Act authorizes courts to impose active punishment, N.C. Gen. Stat. § 15A-1340.20(b) (2009), which is a "sentence of imprisonment [that] is not suspended," N.C. Gen. Stat. § 15A-1340.11(1) (2009). "[A]n offender whose sentence of imprisonment is activated shall serve each day of the term imposed." N.C. Gen. Stat. § 15A-1340.20(b) (2009). "A sentence activated upon revocation of probation commences on the day probation is revoked[.]" N.C. Gen. Stat. § 15A-1344(d) (2009). We can find no provision of Article 81B that authorizes an active sentence of nonconsecutive days. Defendant directs our attention to § 15A-1353, which states that a court must issue an order of commitment "[w]hen a sentence includes a term or *terms* of imprisonment[.]" N.C. Gen. Stat. § 15A-1353(a) (2009) (emphasis added). Defendant argues that the legislature's inclusion of the word "terms" authorizes courts to impose an active sentence over multiple intervals of time, such as weekends. We disagree.

The confusion may stem from the interchangeability of "term" and "sentence" by both the legislature and the courts, as well as the linguistic convenience of using "sentence" as both a verb and a noun. *See, e.g., State v. Hemby*, 333 N.C. 331, 336, 426 S.E.2d 77, 80 (1993) ("Here, defendant's three-year *sentences* imposed, respectively, in groups one and two, each of which consisted of consolidated indictments having equal presumptive *terms*, must be apportioned equally among the indictments in each group. Thus, in each group, defendant was, in effect, *sentenced* to a one-year *term* on each indictment; and after consolidation the *terms* were totaled to arrive at the three-year *term* ultimately imposed.") (emphases added). Regardless, we read the legislature's use of "terms of imprisonment" to refer to instances in which a defendant has been convicted of multiple crimes, each carrying a separate term of imprisonment under structured sentencing, which together comprise the defendant's sentence and not, as de-

fendant argues, to refer to non-consecutive periods of imprisonment. *See, e.g., State v. Harris*, 361 N.C. 400, 402, 646 S.E.2d 526, 527 (2007) ("After finding defendant had a prior record level of V, the trial court sentenced defendant to a term of active imprisonment of 132 to 168 months for felony possession of cocaine as an habitual felon and to a 20 day concurrent term for misdemeanor possession of marijuana."); *State v. Sexton*, 357 N.C. 235, 236, 581 S.E.2d 57, 57 (2003) ("The trial court sentenced defendant to concurrent prison terms of a minimum of sixty-four and a maximum of eighty-six months' imprisonment on the first two convictions.").

Accordingly, we find that Judge Eagles was not under the "mistaken impression that she was required to rule a particular way as a matter of law," and we hold that she did not abuse her discretion by sentencing defendant to a term of imprisonment comprised of consecutive days.

[2] Defendant next argues that the trial court erred by not giving him sixteen days of credit for time served. We agree that he has demonstrated that he is likely entitled to credit for time served; however, this issue is not properly before us. This Court recently explained:

> [T]he proper procedure to be followed by a defendant seeking to obtain credit for time served in pretrial confinement in addition to that awarded at the time of sentencing or the revocation of the defendant's probation is for the defendant to initially present his or her claim for additional credit to the trial court, with alleged errors in the trial court's determination subject to review in the Appellate Division following the trial court's decision by either direct appeal or *certiorari*, as the case may be. Such an approach makes sense given the reality that, in at least some instances, factual issues will need to be resolved before a proper determination of the amount of credit to which a particular defendant is entitled can be made, and such issues are best addressed, as an initial matter, in the trial courts rather than in the Appellate Division.

*State v. Cloer*, —— N.C. App. ——, ——, 678 S.E.2d 399, 403 (2009) (footnote omitted). It does not appear that defendant has yet raised this issue before the trial court. However, defendant is not without relief. As suggested by this Court in *Cloer*, defendant may "file a motion for an award of additional credit in the superior court of [Guilford] County pursuant to N.C. Gen. Stat. § 15-196.4." *Id.* at ——, 678 S.E.2d at 404.

Accordingly, we affirm the judgment and order of the trial court.

Affirmed.

Judges JACKSON and STROUD concur.