IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-610

Filed: 19 May 2020

Henderson County, Nos. 13 CRS 55306, 55311; 14 CRS 53861, 54044, 54052

STATE OF NORTH CAROLINA

v.

TYLER JOSEPH GALLOWAY

Appeal by defendant from judgments entered 17 and 18 December 2018 by Judge William H. Coward in Henderson County Superior Court. Heard in the Court of Appeals 19 February 2020.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Jessica Helms, for the State.*
>
> *Guy J. Loranger for defendant.*

DIETZ, Judge.

After Defendant Tyler Joseph Galloway pleaded guilty to multiple offenses, the trial court suspended his three consecutive sentences and placed him on supervised probation. Later, at a probation violation hearing, the trial court revoked Galloway's probation, reactivated his sentences, and awarded him 343 days of jail credit. Galloway appeals the judgments revoking his probation, asking this Court to remand the case to the trial court to determine whether he should have received an additional 107 days of credit.

Under precedent from this Court, Galloway's argument is not suited for appellate review at this time. *State v. Cloer*, 197 N.C. App. 716, 721, 678 S.E.2d 399, 403 (2009). Accordingly, we dismiss Galloway's appeal without prejudice so that he may, if he chooses, seek relief from the trial court pursuant to N.C. Gen. Stat. § 15-196.4 and then, if necessary, appeal the trial court's determination with a record suitable for meaningful review in this Court.

**Facts and Procedural History**

On 18 May 2015, Defendant Tyler Joseph Galloway pleaded guilty to three counts of possession of a firearm by a felon, one count of felony larceny, and one count of obtaining property by false pretenses. After consolidating three of the charges, the trial court entered three judgements sentencing Galloway to three consecutive prison terms of 14 to 26 months each. The court suspended these sentences and placed Galloway on supervised probation for 36 months.

On 18 December 2018, the trial court held a probation violation hearing based on violation reports filed earlier that year. Galloway admitted to the trial court that he willfully violated his probation. Before the court revoked Galloway's probation, defense counsel requested that the court grant Galloway 450 days of jail credit. Earlier that day, defense counsel had also filed a "Certification of Defendant's Pretrial Confinement Credit," asserting that Galloway was entitled to 450 days of credit. However, upon revoking Galloway's probation and reactivating his three sentences,

the court applied 343 days of pretrial confinement credit to the first sentence. The record on appeal does not indicate how the trial court arrived at its 343-day credit determination or the basis for rejecting the larger credit asserted by Galloway. Galloway appealed the trial court judgments and also petitioned for a writ of certiorari.

## Analysis

Galloway's sole argument on appeal concerns the discrepancy between the 450 days of jail credit he requested and the 343 days of credit the trial court awarded. He contends that the record fails to explain how either his counsel or the trial court calculated the days of credit to which he was entitled. Thus, Galloway asks this Court to vacate the trial court's judgments and remand his case for resentencing "and a determination of the appropriate amount of pretrial confinement credit which he is due." In the alternative, he asks that we dismiss his appeal without prejudice so he may raise the issue in a motion to the trial court for additional credit. We agree that Galloway's alternative request is the proper remedy here.

As a preliminary matter, Galloway acknowledges that the General Statutes do not expressly provide a right of appeal on this jail credit issue. N.C. Gen. Stat. § 15A-1444(a1)–(a2). Thus, in addition to his written notice of appeal, he petitioned for a writ of certiorari. *See id.* § 15A-1444(e); *but see State v. Farris,* 111 N.C. App. 254, 255, 431 S.E.2d 803, 804 (1993) (hearing defendant's argument regarding jail credit

on direct appeal even though the defendant pleaded guilty). Ultimately, as explained below, we deny certiorari and dismiss Galloway's appeal because, under our precedent, direct appeal is not the appropriate vehicle to raise this issue and seek judicial review.

Upon revoking probation and reactivating a criminal sentence, the trial court must credit the sentence by the total amount of time the defendant spent in pretrial confinement for the underlying charge. N.C. Gen. Stat. § 15-196.1. A defendant seeking to obtain credit "*in addition to* that awarded *at the time of . . .* the revocation of the defendant's probation," cannot raise the issue on direct appeal from the initial judgment. *State v. Cloer*, 197 N.C. App. 716, 721, 678 S.E.2d 399, 403 (2009) (emphasis added). Rather, the defendant must "initially present his or her claim for additional credit to the trial court" by filing a request in that court for "credit not previously allowed" pursuant to N.C. Gen. Stat. § 15-196.4. *Id.* Then, the defendant may appeal the trial court's decision to this Court.[1] *Id.*

Here, the relief Galloway seeks is the ability to return to the trial court to litigate whether his "counsel was correct" and he "was entitled to 450 days of credit . . . or 343 days of credit." He acknowledges that the record is insufficient for this

---

[1] *Cloer* left some ambiguity as to whether the trial court decision should be appealed through a notice of appeal or through a petition for a writ of certiorari, so it is prudent for defendants to do both. *Cloer*, 197 N.C. App. at 722, 678 S.E.2d at 403 n.2.

Court to resolve the issue now and seeks only to build a record concerning the amount of jail credit to which he is entitled.

As this Court explained in *Cloer*, the appropriate procedure to address this issue is to first seek relief in the trial court under N.C. Gen. Stat. § 15-196.4. This ensures that the defendant has an opportunity to build a record that will afford meaningful appellate review of the issue. Accordingly, we dismiss Galloway's appeal but we do so *without prejudice* so that Galloway may, if he chooses, seek relief in the trial court and then, if necessary, return to this Court with an appropriate record. *Id.* at 722, 678 S.E.2d at 403–04.

## Conclusion

We dismiss this appeal without prejudice.

DISMISSED WITHOUT PREJUDICE.

Judges MURPHY and COLLINS concur.